BENJAMIN G. WATSON *et al.*, appellants, *v.* RUSSELL THRALL, appellee.

*Appeal from Kane.*

A. recovered a judgment in the Circuit Court against B. and four other defendants, all of whom prayed an appeal. The appeal was granted on condition that they enter into bond with a certain individual as surety. The bond was executed by four of the defendants with the surety required, and the appeal was duly entered in the Supreme Court. A. moved to dismiss the appeal because the order of the Circuit Court was not complied with: *Held*, that the appeal was not perfected, and the same was dismissed.

THE appellee recovered a judgment in the Kane Circuit Court against the appellants, five in number, all of whom prayed an appeal to this Court. It was granted upon condition that the defendants enter into bond with Oliver Ellithorpe, as surety. The bond was executed, within the time prescribed in the order of the Court, by four of the defendants and the surety.

The appeal was duly entered in this Court, and a motion was made by the counsel for the appellee to dismiss it, because the order of the Court was not complied with by all the appellants.

*I. G. Wilson*, and *B. F. Fridley*, for the appellee.

The order of the Circuit Court required *all* of the defendants to join in the execution of the appeal bond. This not being done, the appeal should be dismissed. Such is the uniform practice of this Court. *Carson* v. *Merle*, 3 Scam. 168; *Ryder* v. *Stevenson*, ib. 539.

*J. Butterfield*, for the appellants.

The case of *Ryder* v. *Stevenson* appears to be the mere statement of the Reporter. It is not the Opinion of the Court. If it is, it is submitted whether the Court gave due consideration to the question. Two or more of several defendants may pray an appeal and subsequently one of them may not desire to perfect it. His non-compliance should

not operate against the others who have complied with the order of the Circuit Court. The statute authorizes those who do appeal to use the names of their co-defendants. Rev. Stat. 420, § 51.

The Opinion of the Court was delivered by

TREAT, J.* Thrall recovered a judgment against five defendants. They prayed an appeal, which was granted on their entering into bond with one Ellithorpe as surety. The bond was executed by but four of the defendants and the surety. The appellee now moves to dismiss the appeal.

The statute authorizes one of several defendants to remove a cause to the Supreme Court by appeal; and in such case, no costs are to be taxed against those who do not join in the appeal. Rev. Stat. 420, § 51. Here, the appeal was demanded by all of the defendants, and allowed by the Court on the condition that they should all enter into the bond. Only a part of them have executed it. The condition has not been complied with. The appeal has not been perfected. In approving of the security, the Circuit Court may have acted with reference to the circumstances of the parties who were to prosecute the appeal. The appellee has the right to insist on the benefit of all the indemnity intended by the Court. If but a part of the defendants desired an appeal, the application to the Court should have been made and obtained on their behalf only. The cases of *Carson* v. *Merle,* 3 Scam. 168, and *Ryder* v. *Stevenson,* ib. 539, are in point. The appeal will be dismissed with costs.

*Appeal dismissed.*

* Justice YOUNG was absent.